[No. 26007. Department One. May 19, 1936.]

FLORENCE MCDONNELL, *Respondent*, v. SAMUEL J.
WILSON *et al., Appellants.*[1]

*Shank, Belt, Rode & Cook,* for appellants.
*Kahin & Carmody,* for respondent.

MITCHELL, J.—Plaintiff brought this action to recover damages for personal injuries sustained in a collision of automobiles. She was a guest in a car belonging to defendants Samuel J. Wilson and May Wilson, being driven by defendant Roy Hawkinson at the request of the owners.

The accident happened prior to the enactment of chapter 18, Laws 1933, p. 145 (Rem. 1933 Sup., §§ 6297-1, 6297-2 [P. C. §§ 196-57a, 196-57b]), providing that an invited guest shall not have a cause of action for damages against the owner or operator of a motor vehicle in case of accident unless the accident shall have been intentional on the part of the owner or operator.

The issues in the case were joined upon allegations

[1]Reported in 57 P. (2d) 1044.

of gross negligence, that were denied, and of contributory negligence, that were denied.

The case was tried without a jury. Findings and judgment were for the plaintiff. The defendants have appealed.

The respondent was badly hurt in the accident, which happened on a dark night. The car in which the parties were riding was going forty to forty-five miles an hour. Other facts essential to a consideration of the assignments of error on the appeal are shown by findings, in substance, as follows:

Samuel J. Wilson and May Wilson are husband and wife, and were owners of the automobile involved. About 11:45 p. m., May 8, 1932, plaintiff, as a guest, was riding in the car driven and operated by defendant Roy Hawkinson as the agent, and at the request, of defendants Wilson, going from a place near Olympia and in a northerly direction on the Pacific highway.

The accident occurred at a point about a mile north of Camp Lewis. The highway at that point consisted of two paved portions, each twenty-two feet wide, separated by a strip of dirt five feet wide. Plaintiff was on the front seat with defendant Hawkinson. Marie McDonnell, sister of the plaintiff, was on the rear seat, left side, and defendant Mrs. May Wilson was on the rear seat, right side. The car was equipped with good headlights, which were burning. While driving, Hawkinson

" . . . repeatedly turned in his seat to converse with the plaintiff and with the passengers in the rear seat of the automobile, thereby taking his attention from the roadway over which he was then driving, and that on account of the manner in which defendant Hawkinson was operating said automobile, plaintiff and Marie McDonnell each requested the defendant Hawkinson several times not to drive so carelessly, and to keep a proper lookout ahead, and to give his attention to the roadway over which he was driving.

"VI. That at a point about one mile north of Camp Lewis, the headlights of defendants' automobile disclosed a car standing on the highway ahead, headed in a northerly direction and without a tail light; that *plaintiff* saw this car when it was about 100 feet distant; Marie McDonnell, in the rear seat, also saw the car on the highway. At that time defendant Hawkinson was again turned and engaged in conversation with the other passengers in defendants Wilson's car, and was not watching the roadway ahead. When a distance of approximately 55 feet separated defendants Wilson's automobile and the car ahead, Marie McDonnell, riding in the rear seat, called to defendant Hawkinson and asked him if he did not see the car on the highway. Defendant Hawkinson did not then immediately look at the roadway ahead and made no effort to turn and avoid the car on the highway until he was a few feet therefrom, and drove the right front end of the Buick automobile of defendants Wilson into collision with the left rear end of the standing automobile.

"VII. Observing the manner of the defendant Hawkinson upon the witness stand and of his testimony, and from the other testimony in the case, the court finds that defendant Hawkinson either saw the parked car on the highway ahead, or by the exercise of slight care could and should have seen said car, in ample time to avoid a collision therewith, and that at the time of said collision the defendant Hawkinson was operating the automobile of defendants Wilson in a grossly negligent manner, and that such gross negligence was the proximate cause of said collision and of the injuries and damages, hereinafter referred to, suffered and sustained by plaintiff as a result of said collision.

"VIII. That at the point of said collision, the Pacific highway consisted of two paved portions about 22 feet wide each, separated by a strip about five feet wide.

"X. That plaintiff was not guilty of any negligence whatever that contributed in any manner to the said collision or to the injuries resulting to plaintiff therefrom."

Appellants criticize the statement in Finding VI "that *plaintiff* saw this car when it was about 100 feet distant." That language was inadvertently used. The plaintiff's testimony, wherein the words "100 feet distant" were used, is as follows:

"Q. And how long had it been before the accident that you last told him about that? A. About the last that I told him was, I should judge, around 100 feet away from the accident. Q. And what did you tell him then? A. I said, 'Roy, watch the road'."

This slight inadvertence does not change the result. The *plaintiff* was not the driver of the car, and, as to this specific point of time with reference to the accident, the plaintiff's sister testified that she had cautioned the driver several times about looking back and talking to those in the car while he was driving, and she further testified that:

"Q. When you first saw this car ahead of you, the one that you ultimately came in collision with, did you call his attention to it just as soon as you saw it? A. Yes. No, not just as soon as I saw it. Just as soon as I saw it I picked it up with the lights, and as soon as I saw he was going onto it with the lights I said, 'Roy, you see that, don't you?' Q. And the moment you said 'Roy, you see that, don't you,' what was he doing? A. He was talking to us. Q. What happened from then on? A. Well, he didn't pay any attention. He looked back. And of course when we were right on top of it, then he tried to swerve, and the accident happened, and Mrs. Wilson was thrown out and the windshield broken and Toddy's [plaintiff's] head was cut open and Roy and I neither one was hurt badly. I had two ribs cracked up in here, but not seriously."

She explained that, when she spoke to the driver this time, they were about fifty or sixty feet from the car with which they collided.

The assignments are that the court erred (1) in making Finding of Fact No. VI; (2) in making Finding

of Fact No. VII; and (3) in entering judgment for the respondent instead of a judgment of dismissal in favor of the appellants.

This case must turn on the facts. It was tried without a jury. The testimony was more or less in conflict in some particulars. We consider the inadvertent language in Finding No. VI, to which reference has been made, as eliminated, and, upon consideration of all of the evidence properly in the case, we are satisfied that it clearly preponderates in favor of the findings, which, in turn, support the judgment.

Counsel have cited a number of cases, each of which differs more or less as to the facts from the others as well as the facts in this case, and, without reviewing them, we are content, in deciding the present case, to say that there was gross negligence chargeable against the appellants that caused the accident.

The third assignment of error is disposed of by our discussion of the other assignments.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.